UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMAURY PEREZ-VEGA,

       Plaintiff,

   v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

       Defendants,

Case No. 2:26-cv-762-KCD-NPM

_____/

### **ORDER**

Amaury Perez-Vega asks this Court to order his release from immigration custody. (Doc. 1.) His argument, in essence, is that his detention has gone on too long and therefore violates the Fifth Amendment's Due Process Clause. But stating a constitutional claim requires more than just saying the words. Because Perez-Vega has not provided the factual substance necessary to back up his legal conclusion, his habeas corpus petition must be **DENIED**.

Perez-Vega, a native of Cuba, was apprehended by U.S. Border Patrol in November 2025 and placed into removal proceedings. Following an immigration judge's decision to deny him bond in March 2026, he filed this *pro se* petition for a writ of habeas corpus. His argument is straightforward: he is actively pursuing legal status and fears his continued detention will

cause him to miss a scheduled biometrics appointment, leading to the abandonment of his application.

We hold *pro se* litigants to a less stringent pleading standard than we do lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even a *pro se* petition must contain enough factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has long recognized that detention during removal proceedings is a "constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). To overcome this presumptive validity, a petitioner must show that his confinement is illegal. For instance, it has become unreasonably prolonged. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Here is the problem: Perez-Vega gives us no facts to make that leap. He tells us that he is detained and that he understandably wishes to be released to attend an appointment. But he offers no explanation for *why* his ongoing detention—which began only four months ago—crosses the line from a routine, statutorily mandated holding period into a constitutional violation. He does not allege that the government is dragging its feet, that his proceedings are stalled indefinitely, or that his detention has become punitive rather than administrative. A habeas petition is not a magic wand; a petitioner cannot simply wave the phrase "Due Process" and expect the jail doors to open. Without facts or legal argument to substantiate how this

2

specific detention has become constitutionally unreasonable, the petition fails.

For these reasons, Perez-Vega's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** without prejudice. The Clerk is directed to enter judgment, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on April 6, 2026.

Kyle C. Dudek
United States District Judge